IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMES HULSEY, § | |
| § | |
| § | CIVIL ACTION NO. 6:23-CV-00210-JDK |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| STATE OF TEXAS, GOVERNOR OF § | |
| THE STATE OF TEXAS, IN HIS § | |
| OFFICIAL CAPACITY, § | |
| § | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Hulsey is an inmate currently incarcerated in the Texas Department of Criminal Justice ("TDCJ") Skyview Unit. On May 1, 2023, proceeding pro se and *in forma pauperis* ("IFP"), he filed this action pursuant to 42 U.S.C. § 1983 against the State of Texas and the Governor of the State of Texas. (Doc. No. 1.) On May 3, 2023, the court ordered Plaintiff to file an amended complaint, to be submitted on the court's standard § 1983 form, which was mailed to Plaintiff. (Doc. No. 5.) On June 29, 2023, Plaintiff filed an amended complaint in this matter. (Doc. No. 16.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a

1

filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied). All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

Here, while Plaintiff has filed his amended complaint on the court's standard form, as ordered, his amended complaint fails to state a claim. In order to state a plausible claim for relief,

a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed.R.Civ.P. 8. Plaintiff has not pleaded a single fact in his complaints, let alone one that would entitle him to relief, as required under the second prong of Rule 8. Plaintiff's allegations consist of: (1) a list of articles of the Texas Criminal Code and Constitution of the United States; (2) a series of legal questions; and (3) a twenty-one-page memorandum citing all of the prior mentioned authorities, in addition to the Federal Rules of Civil Procedure and various caselaw. (Doc. Nos. 16, 16-1.)

Setting forth a laundry list of "acts" and other extraneous sources, without any information to explain how Plaintiff was injured as a result of an alleged violation of those "acts," is insufficient to set forth a claim for relief. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Plaintiff must include enough information to support each request for relief so that the named Defendants can understand the claims that are being brought against them and how they allegedly caused Plaintiff's harm. Plaintiff has failed to do so here as he has failed to allege a factual basis for which the named defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted).

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The dismissal of this action counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 7th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4