IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMES HULSEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:23-cv-210-JDK-JDL |
| § | |
| STATE OF TEXAS, et al., § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Hulsey, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On July 7, 2023, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 19115A(b)(1) for failure to state a claim upon which relief can be granted. Docket No. 19. Plaintiff objected. Docket No. 22.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from

ten to fourteen days).

In his objections, Plaintiff contends that he intends to challenge the constitutionality of Texas Code of Criminal Procedure Article 46B. Docket No. 22. Plaintiff has failed to delineate a clear factual basis for how or why he intends to challenge the constitutionality of this Texas criminal statute. Instead, Plaintiff generally asserts that various portions of the Texas Code of Criminal Procedure dealing with competency to stand trial violate the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. These allegations remain deficient. Moreover, though unclear from his deficient pleadings, to the extent Plaintiff intends to challenge a criminal statute pertaining to his conviction, his claims amount to an attack on his conviction and are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court agrees that Plaintiff has failed to state a claim and that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 19) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **11th** day of **August, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE